UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL SHANKS,<br><br>        Plaintiff,<br><br>   v.<br><br>INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, *et al.*<br><br>        Defendants. | Civil Action No. 24-0222 (CKK) |

**MEMORANDUM OPINION**
(October 8, 2024)

Plaintiff Samuel Shanks, proceeding *pro se*, filed this lawsuit in the Superior Court of the District of Columbia, alleging that he was subjected to employment discrimination and later wrongfully terminated from his employment with the International Union of Bricklayers and Allied Craftworkers ("BAC"). *See* Compl., ECF No. 1-1 at 14–19. Shanks raised similar claims in a prior case filed in the D.C. Superior Court, which BAC removed to this Court and this Court later dismissed. *See Shanks v. Int'l Union of Bricklayers & Allied Craftworkers* (*Shanks I*), No. 23-cv-311, 2023 WL 6199078, at *14 (D.D.C. Sept. 22, 2023) (CKK), *aff'd in part*, No. 23-7141, 2024 WL 2790385 (D.C. Cir. May 29, 2024). The defendants in this case—BAC and two of its agents—removed the lawsuit from the D.C. Superior Court to this Court after Shanks served them with a Second Amended Complaint in January 2024. *See* Notice of Removal, ECF No. 1. Now pending before the Court is the Defendants' [10] Motion to Dismiss for Failure to State a Claim ("Motion" or "Def.'s Mot."), in which they argue that this Court's decision dismissing Shanks' prior case bars his claims in this case under the doctrine of claim preclusion.

1

Shanks did not respond to the pending Motion.  Upon consideration of the briefing,[1] the relevant legal authorities, and the entire record, the Court shall **GRANT** the Motion to Dismiss.

## I. BACKGROUND

The Court reviewed the factual basis for Shanks's claims in its Memorandum Opinion explaining its decision to dismiss his prior case arising from the same events.  *See Shanks I*, 2023 WL 6199078 at *1–5.  In summary, Shanks was employed for more than 20 years in the accounting department at BAC, which is an international labor union.  *See* Second Am. Compl., ECF No. 1-1 at 55–65, at 1.  Shanks alleges that BAC and its agents unlawfully retaliated against him after he complained about racial pay disparities and unfair treatment of Black employees at BAC, discriminated against him on the bases of disability, race, color, and sexual orientation; created a hostile work environment, and ultimately fired him unlawfully after he failed to comply with a workplace policy requiring that he be vaccinated against the virus that causes COVID-19.  *See id.* at 1–11.  Shanks also alleges that BAC's retaliatory and discriminatory actions amounted to wrongful "concealment" and both intentional and negligent infliction of emotional distress.  *See id.* at 8–10.

In Shanks's prior case, this Court dismissed his retaliation claims because his claims were either time-barred under the applicable federal and D.C. laws or the alleged actions did not rise to the level of "materially adverse actions" that are needed to support a retaliation claim under those laws.  *Shanks I*, 2023 WL 6199078, at *8–9.  The D.C. Circuit Court of Appeals summarily affirmed this dismissal.  *See* No. 23-7141, 2024 WL 2790385, at *1 (D.C. Cir. May 29, 2024).

---

[1] The Court's consideration has focused on the Plaintiff's Second Amended Complaint, ECF No. 1-1 at 55–65; the Defendants' Notice of Removal, ECF No. 1; the Plaintiff's Motion to Remand, ECF No. 10; the Defendants' Opposition to that Motion, ECF No. 12; and the Plaintiff's Reply in support of the Motion, ECF No. 13.

This Court dismissed Shanks's disability claims because he failed to allege that he has a disability within the meaning of the relevant federal and D.C. anti-discrimination laws. *Shanks I*, 2023 WL 6199078, at *9–10. The D.C. Circuit summarily affirmed this dismissal, too. *See* 2024 WL 2790385, at *1.

This Court dismissed Shanks's claim that BAC discriminated against him on the basis of race, color, or sexual orientation when it terminated his employment because Shanks failed to plead facts that plausibly allege that BAC's vaccine policy was discriminatory on its face or applied in a discriminatory manner or that he was terminated for reasons other than his violation of that policy. *Shanks I*, 2023 WL 6199078, at *10–11.

Finally, this Court dismissed Shanks's claim that BAC created a hostile work environment for non-white employees because the acts allegedly creating a hostile environment were "not plausibly connected" and "not sufficiently pervasive or severe to plausibly satisfy the standard" and because some of the allegations supporting the claim were untimely under the applicable statute of limitations. *Shanks I*, 2023 WL 6199078, at *12–14.

Shanks then filed this lawsuit in D.C. Superior Court, adding some new allegations and naming as defendants both BAC and two of its employees: Timothy Driscoll, BAC's president, and Candice Dubberly, the director of its financial management unit. *See* Compl., ECF No. 1-1 at 14–19. The now-operative version of Shanks's complaint in this case raises many of the same allegations he raised in his prior case, including that between 2017 and 2021 he was discriminated against and denied promotional opportunities after participating in collective bargaining for a new contract, denied overtime after raising concerns about pay disparities between different groups of employees at BAC, and eventually terminated from his position in October 2021 for failing to comply with a workplace policy requiring that he be vaccinated

3

against the virus that causes COVID-19.  *See* Second Am. Compl. at 1–2, 4, 7; *Shanks I*, 2023 WL 6199078, at *5, 11.  Shanks also alleges in this case, as he did in his prior case, that the wrongful conduct at issue relates to a charge of discrimination he filed with the Equal Employment Opportunity Commission on April 1, 2022.  Second Am. Compl. at 10; *Shanks I*, 2023 WL 6199078, at *5.

The Defendants removed this case from D.C. Superior Court to this Court after Shanks served them with a Second Amended Complaint in January 2024.  *See* Notice of Removal, ECF No. 1.  Defendants then filed the pending Motion to Dismiss for Failure to State a Claim, arguing that Shanks's claims are barred by the doctrine of claim preclusion.[2]  *See* Def.'s Mot. at 6–10; *see generally* Fed. R. Civ. P. 12(b)(6).  While this Motion was pending, Shanks moved to remand this action to D.C. Superior Court.  Pl.'s Mot. to Remand, ECF No. 10.  This Court denied the motion to remand, concluding that removal was proper and that this Court has jurisdiction to adjudicate this case.  Order, ECF No. 14.  The Motion to Dismiss is now ripe for decision.

## II. LEGAL STANDARD

A court must grant a motion to dismiss a complaint for failure to state a claim unless the complaint alleges facts that, if "accepted as true," would "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When evaluating a complaint, courts must consider "only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice."  *E.E.O.C. v. St. Francis Xavier Parochial Sch.*,

---

[2] Defendants refer to this doctrine by the Latin name *res judicata*.  *See* Def.'s Mot. at 6.  However, the Court will use the term "claim preclusion" here to avoid any potential confusion with a different aspect of *res judicata* that also goes by the names "issue preclusion" or "collateral estoppel," which applies under different circumstances and has different consequences.  *See Nader v. Democratic Nat. Comm.*, 590 F. Supp. 2d 164, 168 (D.D.C. 2008) (RMU), *aff'd*, No. 09-7004, 2009 WL 4250599 (D.C. Cir. Oct. 30, 2009).

117 F.3d 621, 624 (D.C. Cir. 1997).  Complaints prepared by *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  But "a pro se complaint, no less than any other complaint, 'must present a claim on which the Court can grant relief,'" and if it does not do so, it will not survive a motion to dismiss.  *Voinche v. Obama*, 744 F. Supp. 2d 165, 171 (D.D.C. 2010) (EGS) (quoting *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (RMU)), *aff'd*, 428 F. App'x 2 (D.C. Cir. 2011).

The doctrine of claim preclusion prevents parties from relitigating the same claims in multiple successive cases.  Under that doctrine, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).  Claim preclusion "may be asserted in a motion to dismiss when 'all relevant facts are shown by the court's own records, of which the court takes notice.'" *Nader v. Democratic Nat. Comm.*, 590 F. Supp. 2d 164, 169 (D.D.C. 2008) (RMU) (quoting *Hemphill v. Kimberly–Clark Corp.*, 530 F.Supp.2d 108, 111 (D.D.C.2008) (RMC)), *aff'd*, No. 09-7004, 2009 WL 4250599 (D.C. Cir. Oct. 30, 2009).

For purposes of claim preclusion, a case may involve the "same claims or cause of action" as a prior case even if the plaintiff raises new allegations in the subsequent case.  Claim preclusion doctrine "is designed to conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).  Consistent with this purpose, claim preclusion bars not only claims that parties raised and

litigated in prior cases, but also "any ground for relief which [the parties] already have had an *opportunity* to litigate[,] even if they chose not to exploit that opportunity" in the initial case.  *Id.* (emphasis added).  Therefore, claim preclusion will bar any claim arising from the same "cause of action" as the earlier case, which consists of "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."  *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997) (quoting *Smith v. Jenkins*, 562 A.2d 610, 613 (D.C. 1989)).  When deciding whether claims are barred because they arise from the same "transaction" or "series of connected transactions," courts in this District act "'pragmatically,' considering 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'"  *Id.* (quoting Restatement (Second) of Judgments § 24(1) (Am L. Inst. 1982)).

Agents of a principal who was a party to a prior suit are "privies" of the principal for purposes of claim preclusion regarding claims within the scope of the agency relationship. "Under District of Columbia law, a decision on the merits in a prior action involving the principal or the agent precludes a subsequent action against the other party to the agency relationship if the prior action concerned a matter within the scope of the agency."  *Herrion v. Children's Hosp. Nat. Med. Ctr.*, 786 F. Supp. 2d 359, 371 (D.D.C.) (CKK), *aff'd*, 448 F. App'x 71 (D.C. Cir. 2011).  "In accordance with this principle, courts have consistently held that *res judicata* applies to bar later suits against the principal or the agent where a final judgment has been rendered in a prior action involving the other party to the agency relationship and the two actions share a common nucleus of fact."  *Id.* (collecting cases).

An order is "final" and entitled to claim-preclusive effect even while an appeal of that order is pending. *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497 (D.C. Cir. 1983). "The appeal process is available to correct error; subsequent litigation is not." *Hardison*, 655 F.2d at 1288.

### III. ANALYSIS

Claim preclusion bars Shanks's claims in this case because those claims arise from the same "cause of action" as the claims this Court resolved in his prior case, the defendants are either the same party (in the case of BAC) or in privity with the same party (in the case of Driscoll and Dubberly) that Shanks sued in the prior case, and the prior case ended in a valid, final judgment on the merits. *See Smalls*, 471 F.3d at 192 (stating requirements for claim preclusion); *see generally Shanks I*, 2023 WL 6199078 (resolving Shanks's prior case). Because the Court determine from a review of the pleadings and "the court's own records" that all the requirements of claim preclusion are satisfied and the preclusive effect of this Court's prior decision bars all claims in Shanks's Second Amended Complaint, the Court shall grant the Defendants' Motion to Dismiss. *See Nader*, 590 F. Supp. 2d at 169 (quoting *Hemphill*, 530 F.Supp.2d at 111).

First, Shanks's claims in this case arise from the same "cause of action" as the claims this Court resolved in his prior case because his claims all relate to the same "series of connected transactions"—namely, his treatment during his employment at BAC between 2017 and 2021. *See Stanton*, 127 F.3d at 78. Although the complaint Shanks has filed in this case is more detailed than his complaint in his prior case, the additional facts he alleges in support of his claims all relate to the conditions of his employment with and eventual termination by BAC during the same time period as the allegations he raised in the prior case. *See generally* Second Am. Compl.; *cf.* Compl., *Shanks I*, No. 23-cv-311, ECF No. 1-1 at 4–5. Because Shanks could

7

have raised these claims in his prior case arising from the same events, they are part of the same "cause of action" for purposes of claim preclusion. *See Hardison*, 655 F.2d at 1288.

Second, Driscoll and Dubberly are in privity with BAC for purposes of preclusion of Shanks's claims because under any plausible reading of Shank's complaint, the actions he alleges these defendants took were all within the scope of their employment with BAC. *See Herrion*, 786 F. Supp. 2d at 371. Courts have long held employees to be in privity with their employer for purposes of claim preclusion when a party has previously sued the employer for the same alleged conduct. *See, e.g.*, *Lober v. Moore*, 417 F.2d 714, 718 (D.C. Cir. 1969) (collecting cases). Here, Shanks's complaint refers to Driscoll and Dubberly using the titles of their roles as BAC employees and exclusively describes actions that they allegedly took in the workplace. *See* Second Am. Compl. at 1–6, 8–9. Under these circumstances, Driscoll and Dubberly are in privity with BAC and the claim-preclusive effect of this Court's decision in Shanks's prior case against BAC extends to them as individual defendants in this case.

Third, and finally, there is no dispute that this Court's dismissal of Shanks's prior case for failure to state a claim was a final, valid judgment on the merits by a court of competent jurisdiction. *See Okusami v. Psychiatric Inst. of Washington, Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992) (holding that dismissal for failure to state a claim "is a resolution on the merits and is ordinarily prejudicial"); *see also Shanks v. Int'l Union of Bricklayers & Allied Craftworkers*, No. 23-7141, 2024 WL 2790385, at *1 (D.C. Cir. May 29, 2024) (summarily affirming this Court's dismissal of retaliation and disability discrimination claims and deferring ruling on dismissal of remaining claims resolved in same order).

Because each of these requirements is satisfied, claim preclusion bars all of Shanks's claims in this case. *See Smalls*, 471 F.3d at 192.

## IV. CONCLUSION

For the foregoing reasons, the Court shall **GRANT** the Defendants' [7] Motion to Dismiss for Failure to State a Claim.  An appropriate Order accompanies this Memorandum Opinion.


**Dated:**  October 8, 2024                  /s/_____
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge